Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000738
12-APR-2019
08:03 AM

NO. CAAP-15-0000738

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HERNET BUNGITAK, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-1400)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Hernet Bungitak (**Bungitak**) appeals from the Judgment of Conviction and Probation Sentence (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] on September 16, 2015. Bungitak was convicted on three counts of Sexual Assault in the Third Degree. On appeal he contends that the Circuit Court erred when it denied his motion to dismiss the grand jury indictment. For the reasons explained below, we affirm the Judgment.

**I.**

On November 19, 2013, Bungitak was charged by Superseding Indictment (**Indictment**) with one count of Sexual Assault in the First Degree in violation of Hawaii Revised

---

[1] The Honorable Dexter D. Del Rosario presided.

Statutes **(HRS)** § 707-730(1)(b) (Supp. 2013)[2] and two counts of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) (Supp. 2013).[3] On January 16, 2015, Bungitak moved to dismiss the Indictment, alleging prosecutorial misconduct before the grand jury. The Circuit Court conducted a hearing on February 25, 2015. After hearing arguments from counsel, the Circuit Court denied the motion. The court stated:

> In the present motion the issue is not whether there was sufficient evidence presented to the Grand Jury. The issue was whether the conduct of the prosecutor invaded the province of the Grand Jury or intended to induce action other than reach the jurors in their uninfluenced judgment the more -- on the evidence fairly presented before them. This is from Joao. In other words, whether the defendant was denied a fair Grand Jury by being improperly influenced by the conduct of the State. And the burden is on the movant to show that the improper or illegal or incompetent evidence had improperly influenced the Grand Jury. The Court is going to find that the defendant has failed to meet its burden. For that reason, the motion's denied.

Trial began on May 11, 2015. On May 13, 2015, the jury found Bungitak guilty on count one of the lesser included offense of Sexual Assault in the Third Degree, and guilty as charged on two counts of Sexual Assault in the Third Degree. On June 17, 2015, the Circuit Court entered its Findings of Fact, Conclusions of Law, and Order Denying Defendant Hernet Bungitak's Motion to

---

[2] HRS § 707-730 provides, in relevant part:

(1) A person commits the offense of sexual assault in the first degree if:

. . . .

(b) The person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]

[3] HRS § 707-732 provides, in relevant part:

(1) A person commits the offense of sexual assault in the third degree if:

. . . .

(b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

Dismiss Indictment With Prejudice (**FOF&COL**). The Judgment was entered on September 16, 2015. This appeal followed.

## II.

"A trial court's ruling on a motion to dismiss indictment is reviewed for an abuse of discretion." State v. Chong, 86 Hawai'i 290, 294, 949 P.2d 130, 134 (App. 1997) (quoting State v. Mendonca, 68 Haw. 280, 283, 711 P.2d 731, 734 (1985)). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant." Id. (quoting State v. Jackson, 81 Hawai'i 39, 47, 912 P.2d 71, 79 (1996)). We note that Bungitak does not challenge the Circuit Court's FOF&COL.[4] "Generally, findings not challenged on appeal are also binding on this court." State v. Griffin, 126 Hawai'i 40, 53, 266 P.3d 448, 461 (App. 2011) (quoting State v. Rapozo, 123 Hawai'i 329, 351, 235 P.3d 325, 347 (2010)).

Bungitak argues that the State presented evidence to the grand jury, through the complaining witness (**CW**), of prior acts by Bungitak showing bad character. The State conceded that CW's testimony that Bungitak "laid by me on my bed one morning while I was sleeping" was improper.[5] But see Hawaii Rules of Evidence (**HRE**) Rule 1101(d)(2) (1993).[6]

---

[4] The opening brief incorrectly states that "The trial court did not make any written findings of fact or conclusions of law." There were in fact eleven findings of fact entered. The first ten findings recited procedural history and undisputed facts. Finding of fact no. 11 stated: "The court finds the testimony of the Defendant to be not credible."

[5] Bungitak also argued below that a police detective's testimony, in response to a grand juror's question, about a Child Protective Services investigation was improper, but he has abandoned that argument on appeal by failing to address it in his opening brief. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). See Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai'i 251, 275, 151 P.3d 732, 756 (2007) (holding that claim not addressed in opening brief is deemed waived).

[6] HRE 1101 provides, in relevant part:

　　(d)　Rules inapplicable. The rules (other than with respect to privileges) do not apply in the following:

(continued...)

However, Bungitak has the burden of proving that he was prejudiced by that testimony.

> [W]here sufficient legal and competent evidence is presented to a grand jury, the reception of illegal or incompetent evidence would not authorize the court to set aside an indictment if the remaining legal evidence, considered as a whole, is sufficient to warrant the indictment.
>
> State v. Scotland, 58 Haw. 474, 476, 572 P.2d 497, 498 (1977) (citing State v. Hassard, 45 Haw. 221, 365 P.2d 202 (1961)).

Chong, 86 Hawai'i at 295, 949 P.2d at 135.

We hold that Bungitak was not prejudiced by CW's testimony because there was other sufficient, legal, and competent evidence presented to support the grand jury's indictment. CW testified that Bungitak "laid down on me and then he started to dry hump me." CW said she felt Bungitak's penis on her butt, and it was hard. CW told the grand jury that Bungitak was "touching my boobs . . . . squeezing them while he was dry humping me at the same time." CW also told the grand jury that Bungitak put his finger in her vagina "and then he just kept going in and out." The Circuit Court made the following conclusions of law, which Bungitak does not challenge on appeal:

> 6.    The Defendant has failed to prove that the actions of the deputy prosecuting attorney invaded the province of the grand jury or tended to induce action other than action jurors in their uninfluenced judgment would deem warranted on evidence fairly presented before them, where there was no attack on the credibility of the complaining witness during the grand jury proceeding.
>
> 7.    The Defendant failed to prove that the alleged illegal or incompetent evidence clearly appears to have improperly influenced the grand jury.
>
> 8.    The Defendant has failed to meet its [sic] burden of proof.

The Circuit Court did not abuse its discretion when it concluded that Bungitak "failed to meet its [sic] burden of proof" and denied Bungitak's motion to dismiss.

---

[6](...continued)

. . . .

> (2)    Grand jury.    Proceedings before grand juries.

## III.

For the foregoing reasons, we affirm the Judgment of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit on September 16, 2015.

DATED: Honolulu, Hawai'i, April 12, 2019.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge